We will hear argument next in Case No. 25-1337, Ildico v. United States, do I pronounce that right? That's correct, Your Honor. Thank you. Mr. Tosini. May it please the Court, the HTSUS excludes all watch classes from Chapter 91, which covers among other things watches and parts thereof. It also excludes all parts of general use, which also explicitly includes titanium screws from watches and parts thereof. That should have been the end of the trial court's analysis. Instead, it went to a definition of the term watch case, which were in the additional U.S. notes, which never once mentions watch classes. In fact, it's on the exact same page as the exclusion of watch classes. And there are really three main reasons why the trial court's reliance on additional note 1B was wrong. Additional note 1B says, the term cases embraces inner and outer cases, containers and housings for movements together with parts or pieces, such as, but not limited to, rings, feet, posts, bases, and other frames, and any auxiliary or incidental features, which with appropriate movements serve to complete the watches, clocks, time switches, and other apparatuses provided for in this chapter. So let me just tell you the way that I guess I come into this, which is a view that I think supports your position, but I want to test it, obviously, with both sides. So note 1A says, the chapter does not cover watch classes. Certainly, the CIT said that this back transparent surface is a watch glass, and that would seem to remove watch classes from the entirety of chapter 91. 9, was it 91.11, is within chapter 91 that is about what, cases and parts, is that the right? Right, that's, 91.11 is cases and parts, thereof. Cases and parts, and if watches, if watch glasses were cases, they would have to be covered by the cases 91.11, but they're not, and it makes sense when in the very first exclusion in note 1, note 1A, you exclude watch glasses to read additional US note 1B cases, which is oddly worded, but it doesn't specifically mention watch glasses because they've already been excluded from the entire chapter. That's absolutely correct, and in fact, the trial court recognized that watch glasses affixed to the front of a watch or affixed to the back of the watch, I think the words were virtually identical, so there's really no basis for treating them any differently. Is there a dispute here about whether the glass on the back, or the, you know, the fake glass on the back is watch glass? Do I remember, the CIT said it was, right? The CIT said it was, the government contended, at this time in its brief, it didn't make a serious argument that it's not, and if it's not, then it, what it is is a synthetic sapphire crystal, which is also combined with the 18-carat gold watch case, which once again- That argument you made, you did not make except in a footnote, right? Excuse me? In your opening, you made that argument only in a footnote in your opening brief, right? Right, because it was responding to a trial court. Well- Footnote. But the fact that you only made it in a footnote means you waived it. You're familiar with that line of cases, it's a pretty long line of cases from our court, that if you make an argument in your opening brief that is in a footnote, it's waived. Well, I believe the classification context might be a little different because not only are the courts charged with deciding a dispute between the two parties, the government and the importer usually, the court is also directed to use its own independent judgment to determine the classification. Even aside from waiver, I mean, this argument appears in a footnote, it linguistically tracks, and I kept thinking when I was reading it, what's wrong with this argument that it is given such tiny treatment? Well, it wasn't really developed before the trial court. And at this point- In which case, that's a second reason. It was a secondary argument as well. So it was not the most, it was certainly not the most important argument. The main argument is that a watch glass is a watch glass is a watch glass, it's an eonominy provision, all forms are considered to be within that classification. The trial court erred by distinguishing between a front watch glass and a watch glass in the rear. And if you look at additional note 1B, not only does it read the term, the definition of case in isolation, the language of it really isn't quite as expansive as the trial court and government have stated. First, it identifies parts that are really not, you know, that one would generally think of as part of a case, a watch case or a clock case. Then it says such as but not limited to. So such as indicates that the words following it are all kind of have some sort of core similarity. And then it talks about reading- Let me go back if I could to what, as I'm reading all of this, is square one. Now, I may be on the wrong square here, but tell me if I am. To me, I read 9101, watches with a case of precious metal. Okay. So we then are told that in 9101 note 2, that 9101 covers only watches with cases wholly of precious metal. The case in this case and in all watch cases, as I understand it, includes everything except the item on the top of the watch which allows you to see the time. That's not part of the case as watch people understand it. So the rest of it that covers the rest of the mechanisms for the watch is part of the case. That case in the watches at issue here is not made wholly of precious metal. It's made of watch glass. So why isn't that line of analysis the answer to the question? Well, that line- Which comes out the way the CIT judge did. Well, that line of analysis, the CIT looked at dictionary definitions and definitions that were specific to the watch industry. And some definitions only mentioned a watch glass that was affixed to the top of a watch, but others mentioned watch glasses that were affixed to the back. Okay. But obviously, if we just limit ourselves just to the case, it seems obvious that the case in the watches in dispute is not made wholly of precious metal. That seems, plain language suggests that's the case. Well, the plain language of the HTS directs otherwise. And that's the- What's wrong with my very straightforward and simple analysis? Because watch glasses, no matter where they're placed on a watch case, are not parts of watches. Therefore, they are not parts of watch cases and parts thereof under 91-11. Watch glasses are not part of watches, you say, at all. They can't be part of a watch case. They're not parts of watches for the purposes of the harmonized tariff schedule. Therefore, they are not parts of watch cases either. And that's also further supported by the explanatory note- I'm not sure where that comes from. Not parts of watches? They're not parts of watches for the purpose of HTS, for the whole Chapter 91. They are not- Where do you get that? I'm sorry, where do you get that? I understand Chapter 91 does not cover watch glasses. That's not to say that watch glasses are not part of watches. Well, Chapter 91 includes watches and parts thereof. So when we're right now looking at a statute and how the statute defines things- So you don't really mean anything different from Chapter 91 does not include watch glasses?  And you have to look at the actual terms of the Chapter notes and the additional notes. Those all have statutory force along with the heading and subheading descriptions. So here, when you're determining is- whether a watch glass is part of a watch case for the purpose of 9101, you need to look and see what's the definition of a watch case. And additional note 1B is unhelpful in that regard. First of all, such as, it refers only to parts of clocks. And then it says any auxiliary or incidental features. Auxiliary or incidental does not refer to the part that's front and center. The first part that's mentioned in Note 1A to the Chapter notes. Well, now when you say what's part of a watch case, what's the definition that you believe is appropriate for a watch case? It's the watch case that is in EN-9111. 9111. Watch cases can be made of any material. Any material would include glass, I suppose. That's correct. And then it says later on, the heading, if it's at addendum page 54, it says this heading excludes simple protective cover for watches or watch glasses. Page 54 of? Of the addendum. Okay. So it explicitly excludes watch glasses. And the trial court selected a different part of that EN. This is down at the bottom where it says the heading excludes colon A, simple protective covers for watches nor watch glasses.  Whatever. These are classified in their own appropriate headings. Yes. So that provides some context, especially for the definition of cases in 1B, which really is more related only to clock parts, especially the explicitly enumerated parts are all clock parts. Then it talks about auxiliary parts. And in fact, the government's reading of Note 1B would sweep in all of the exclusions from the Chapter note, from Chapter Note 1A. But doesn't Note 1B go on to talk about serve to complete the watches, clocks, time switches, et cetera? Yes. You seem to imply that that language is missing from that note. This is an explanatory note which is published by the World's Custom Organization. It's legislative history that's not just positive. But it does serve to, and this court has relied upon it before, it does serve especially to clear up ambiguities about inclusion or exclusion within a particular heading. I guess I want to come back to this premise that glass on the back would be watch glass. Why? What's the basis for saying that? Because they're virtually indistinguishable. It's an eonominy classification. And the trial court looked at definitions that included both the front and the back of the watch. And the purpose of the watch glass here is so that... Some did, I think. Some did not, right? Yes. Some did, and some only mentioned the front but never excluded the back. So the trial court said that the weight of the evidence merited a finding that watch glasses affixed to the back of a watch were watch glasses within the meaning of the HGS. That's a legal question or a factual question? Do we defer to that or no? I would say it's more of a legal... No, it's more on the factual side of things. It's kind of in between, but I would say it's a factual decision. The court looked at the watch glasses on the Richard Neal watches and saw that they were virtually identical to the naked eye. Also made a finding as to what the purpose of those watch glasses was, which is these are very artistic. These watches take hundreds of hours to make. The movements are all made by hand. And the point of the watch glass affixed to the back of the watch is so that people can see the inner workings. If the basal center and back of a wristwatch were made of glass, in your viewpoint, would that watch have a case? Excuse me? If the basal center and back of the wristwatch were made of glass, under your viewpoint, does that watch have a case? Yes, those would be the parts of the case because the case can be made of any material. They can be made of wood, they can be made of plastic, but that doesn't mean that the watch glass affixed to the top or affixed to the back of the case is going to be part of the case. So I'm not sure I understood your answer to Judge Finnegan's question. Are you saying that the material on the bottom of her hypothetical watch, which is made virtually all of glass, would be part of the case or not part of the case? It would not be part of the case if it's the watch glass. And the watch glass is removable, both on the top and the bottom, so you can get into the watch to repair or clean the inner workings. But presumably the entire bottom of the case is removable. I can't imagine that it wouldn't be because you do have parts of the watch that you presumably couldn't get at by just removing the watch glass. I don't know. You have a $30 watch. You can get the whole back off this because it's got enough parts that you need to get the whole back off. I can't believe that a $100,000 watch doesn't need to have access to the entire back. The watch does need access and it has access. Which is more than just the watch glass portion from the pictures in the record. That's right. There is a metal back to which the synthetic sapphire is attached. I feel like you didn't really answer my hypothetical. Maybe I'll just go with you don't have an answer. Is that what we should look at? No, not at all. If the traditional case parts are made of glass or synthetic sapphire, that would be the case. That doesn't mean that the front watch glass or rear watch glass would be part of the case. There's really no difference between a case made of gold or a case made of glass or sapphire. May it please the court. Matt Rabinovich for Defendant Appellee of the United States. The 35 styles of the Richard Mill watches have a case that are not wholly of precious metal. Because the sapphire on the back is part of the case back of the watch. Congress had provided the only statutory definition of a case here, which is an additional U.S. note 1B. That broadly covers containers and housings for movements. Here I guess is what has been troubling me. That note, the case note, read broadly, would clearly include the protective covering on the front of the watch, a watch glass. Can't possibly be true. And in particular, can't possibly, because this note 1 says, this chapter does not cover watch glasses. So why the language of additional U.S. note 1B, the term cases, can't be read as broadly as it might be read. Both of them serve to complete the watch. And so to me, the question comes down to, is glass on the back of the watch transparent for the purpose of allowing you to do to the back exactly what you want to do to the front. Not exactly, you can't tell the time, but you want to see what's beneath it. Is that a watch glass or not? And if it is, it seems to me the natural reading of these things combined is the back watch glass is no more part of the case than the front. Right. So, Your Honor, there's two distinctions here. There's the name that one would use to call the back glass. And in this instance, the trial court concluded that it met the definition of a watch glass because some definition, some industry definitions, described a watch glass as the part that covers the dial. I think every definition included that. And some definitions included that it covers the back of the watch. But then there's also the tariff classification principles that would apply if the watch glass is imported separately. And our argument here is that these are two separate things that the HCSUS provides for. So in Note 1A and other notes... That's why I put this together with 9111. That's the one about cases and stuff, right? Yeah. Cases and parts. So if watch glasses were part of cases, then their importation would be covered by 9111 tariff classification for imported cases. Well, watch cases are... Well, let's turn first to 9111 and the explanatory notes to 9111. Well, how about just the 9111 itself, right? So that's at... It's at addendum 54. Or addendum 38? I don't know. Let's see.  And, Your Honor, you're referring to the actual heading, language of the heading. Yeah. Watch cases and parts. Yeah, the other is the earlier version, right. Oh, okay. Yeah. It is 38. Other cases. Right. So under 9111, which covers watch cases and parts thereof, there's those cases of precious metals, those that are of base metal, and other cases like maybe an all-glass case that was referred to as before. In considering whether a part of a case... Suppose that Richard Mill had imported its watches without the movement. The explanatory note to 9111 actually indicates that it covers cases with or without the glasses. So whether they had the glasses on the top or the glasses on the bottom, it would actually come in as part of the case. So the question here is really what is the part... What are the components of the case here for purposes of determining what components need to be made wholly of precious metal, or at least the combination of all those components put together would render a watch wholly of precious metal for classification in 9101. Our view is that the glass on the back is part of the bottom of the case, and it's commonly referred to as an exhibition case back, which contrasts to solid case backs, where often they could be made of solid stainless steel. Now, do I understand... Well, you tell me. 9111, watch cases and parts thereof. That doesn't, I take it, refer to complete watches, right? It refers simply to if a package comes in and it has a watch case in it, or parts of a watch case. It falls within 9111, right? Does that not include the full watch, which is either 9101 or 9102? That's correct, Your Honor. Those are only the cases imported without the movements. The explanatory notes to Chapter 91 generally provide that there are two parts of watches. There's the movements, and then there's a container for the movement. And in this instance, 9111 covers bringing in the watches without the movements, so essentially the case. But at issue here is the classification of fully assembled watches, and so the court must determine... Right, but the... I mean, you rely centrally, sensibly enough, on additional U.S. Note 1b. The term cases embraces it. It's not cases when imported alone under 9111. This is the definition of the term cases that covers the entire chapter. That's correct, Your Honor. So how is a watch glass sometimes part of a case and sometimes not part of a case? Well, the trial court addressed this in its decision. I know, but I didn't get... Well, essentially... I wouldn't ask you why if I already had the explanation from the CIT opinion. Your Honor, there's a fundamental distinction between the part on the top that covers the dial for clocks and watches. Are you saying essentially that the part on the bottom... Dictionaries, some dictionaries may call it watch glass, but for purposes of the tariff, that is not a watch glass, the one that's on the bottom. Is that the core... Well, that is certainly suggested by the tariff. Is that your argument? I guess that's what I'm trying to get at. Yeah, and it would mean that you're disagreeing with the CIT. Occasionally, people do that.  Well, that was our position below, but we really believe here that whether it's a watch glass is irrelevant because the terms watch glass as used in tariff discusses tariff classification principles when a separately imported article is brought in. Okay, but if you assume that we're not with you on that, is your fallback position that it's not a watch glass? Our fallback position that it's not a watch glass is because where the tariff discusses watch glasses, it refers to, and I would direct you to chapter 911 in the explanatory notes, which states at the bottom is the piece which closes the watch on the opposite side from the glass. And so the part that closes the watch from the opposite side of the glass... I'm sorry, what are you reading from? The explanatory note to... I have the printed copies, but not the ones in the addendum but I'll find the addendum. Yeah, give us the page of the addendum, if you would. Is this on the very... addendum 54? That's what I'm looking at. I think that's what we were looking at before. I can't reach there. Or something different. 54? Yes, that's it. It's number 5 under 5B. It describes what the bottom is, and our view is in addition to being met by US Note 1B, it also is covered by the definition of what a bottom is, which is the part that closes the watch on the opposite side of the glass. And the record supports this as Appellant had described the glass on the back. I'm sorry, and what does that definition of the bottom do for you with regard to the term watch glass? Because it describes the component of a watch which is on the opposite side from the glass. And so if the tariff schedule understood the glass to be in the back, then the bottom would be the top as well. Okay, so that's a kind of textual argument, although the text is not binding. It's the, I don't know, advisory. It's the explanatory notes, right, which are not binding, right? But that's at least the textual argument for the proposition that the Court of International Trade was wrong to say that glass on the bottom of a watch is watch glass. That's correct, Your Honor. For purposes of the tariff, we believe that the watch, the case of a watch, in addition to US Note 1B, which we feel the bottom piece covers that as the case back or the exhibition case back. So does the top? The top... The top would also be covered by the language of things that serve to complete the watches. But it has to be excluded for a functional reason that doesn't apply to the bottom, which is that the purpose of having a watch is to be able to tell time, and that the glass is on the top of the watch almost exclusively. It doesn't necessarily... Do you think the purpose of these watches is to tell time? Well, the traditional watches and many watches that are classified under 9101, whether it be these watches or other watches, would be to tell the time. We think there's a difference in terms of when reading... Essentially, our argument is that we read out just the top glass out of the definition of cases, and that's supported just by common sense, but also by looking at the explanatory note, which defines or provides some components of the watch and includes the bottom. And it's the bottom which not only closes the watch on the opposite side of the glass, but it also serves a protective function, and it's there to seal and protect the movement. And in this particular case, for the subject models, looking at images, because the government was not able to obtain any samples of these watches, but looking at images, and there's one I would direct you to, appendix 158, that takes a significant portion of the back of the watch, and it actually is the only piece that covers the movement and that would protect the movement. And so the court here should not look at the material composition of the components to determine whether they're parts of the case, but what their function of those components are. And here, there's a component on the back that serves to seal the movement and protect the movement. It's transparent, and so it allows a user to also be able to see the movement, but it easily could have been made of steel or precious metal. Not for the part of the market that wants to see the works. But that also addresses another fault in plaintiff's argument, which is it approaches this case by asking your honors and the court to think about whether it's possible to make one of their watches wholly of precious metal. But that's not the question before the court. Before the court, it's just, are these watches wholly of precious metal? The fact that... Can I just ask you, so this is the footnote point, right? Wholly of precious metals, or combined with, among other things, what is it? Manufactured gems or something, which I think, I'm not sure, I don't think there's a dispute that this sapphire would constitute that. The argument in footnote is ordinarily forfeited. I don't think in your red brief you invoke forfeiture. There is such a thing as forfeiting forfeiture. No, there really is, right? And it's almost the first thing that I thought of when I read that definition. Well, our first point is we really defer to... To say that it's underplayed on the other side would be an understatement, but what's wrong with that point on the assumption that it's not forfeited? And I'd be hyped to expand on that. The purpose of that third class of watches, which are those of precious metal or metal clad with precious metal, is that they really be set with gemstones. And this is expanded upon in the explanatory note to chapter 91. It says that third category of watches that are of precious metal combined with precious or semi-precious stones of heading 910... Excuse me, of heading 7101 to 7104. But this stone is just too big. It's not a stone, Your Honor. And it's the... So you're saying that synthetic sapphire crystals do not include whatever it is on the back of this very expensive watch. That's right, and this wasn't... So what would you call... It would be an article of sapphire, and our position... This argument wasn't developed below, but our position would be that it would be classified in heading 7116 as an article of sapphire. It essentially is a little too manufactured to be just a gemstone. The facts weren't developed as to how these played out. The argument wasn't really raised below, and so we didn't really have an opportunity to develop that point. But the court decided simply that because the glass on the back isn't really set, and it's certainly not a gemstone, or not certainly not a gemstone, but it wasn't set with a gemstone, which traditionally would be sets of diamonds or small stones that you would see on a ring or other articles of jewelry, that it doesn't meet that specific category. And I would also point your attention to, I believe, where we were with the explanatory note to 9111, where it discusses, right before the part, the heading exclude, it discusses these types of watches. It's the last sentence of that paragraph I'm referring to, which says they may be ornamented, and then it describes sort of with natural or cultural pearls or precious or semi-precious stones. So it's an ornamental feature that's the government's position to what type of watch cases that would be covered under that category. So we believe that based simply on the sapphire crystal, which forms part of the case back and therefore is part of the case of the watches, that the trial court's judgment should be affirmed. Thank you. Counsel for the government identified, well, three types of watches, but really in their brief, they identified two types of watches. Types of watches that are basically jewelry and types of watches that were made for telling time. On the very first page of their red brief, the government went into detail on the history of the development of 9101 versus 9102, talking about watchmaking beginning in the 17th century. And these two types of watches, number one would be watches that were jewelry and telling time was a secondary function, and the second were functional articles for telling time. And the Richard Mille watches here fall squarely within the jewelry category. This is exactly the type of watch that Congress intended to be classified under 9101. Just out of curiosity, it seemed to me sort of perverse almost that jewelry, a luxury item, would come in duty free or with a lower duty than a very pragmatic item that poor folks like me buy and need. Why is that? Is it a matter of policy? Not that policy has much to do with tariffs. I don't want to speculate as to the policy for the HTS in setting tariffs, but generally, tariff amounts for ordinary customs duties are reached through international negotiations. So sometimes there's no consistency or rhyme or reason. Maybe the negotiators are all... They're negotiated, yes. And the second thing I just want to talk about, the serve to complete language, which I believe Judge Cunningham brought up but I may not have addressed it. The serve to complete language, which means going back to auxiliary or incidental features which serve to complete the watch's clocks or time switches, that's a pretty broad category, but it's not all-encompassing. It's auxiliary or incidental, not the type of features or pieces that are first and foremost on the very same page of the HTS chapter notes. Also, serve to complete, if we were to accept the government's construction of Note B, would mean any of the exclusions in Chapter Note 1 would be swept into the definition of a case, a watch chain, ball bearings, all of those other parts that are mentioned, parts of general use like the screws, and that's simply untenable. For these reasons, we respectfully request that the court reverse the judgment below and remand with instructions for the trial court to classify the subject watches under HTS heading 9101. Thank you. Thank you. Thank you to all counsel. The case is submitted, and that completes our session for the afternoon.